GWYNETH A. CAMPBELL
gcampbell@css-firm.com
CA BAR NO. 142720
CHAPOTON SANDERS SCARBOROUGH LLP
TWO RIVERWAY, SUITE 1500
HOUSTON, TEXAS 77056
T: (713) 357-9710
F: (713) 357-9690

ATTORNEY FOR HPE DESIGN, LLC

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LUXURY AUTO MALL INC., | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO.  SACV14-00143 CJC (ANx) |
| HPE DESIGN, LLC, DOES 1-10, | § § § | |
| *Defendants*. | § | |

_____

**ORIGINAL ANSWER OF DEFENDANT HPE DESIGN, LLC**
_____

Defendant, HPE Design, LLC ("HPE") files its answer to Plaintiff's Complaint as follows:

**Admissions and Denials**

1. HPE neither admits nor denies the allegations in paragraph 1.  HPE is unaware of the full and complete legal name of Plaintiff.

2. There are no allegations in paragraph 2.

1

3. HPE neither admits nor denies the allegations in paragraph 3. HPE is unaware of whether Plaintiff is a corporation qualified to do business in California.

4. HPE admits the allegations in paragraph 4 with regard to its name and entity status, but does not admit or deny the allegations concerning "Doe Defendants" as HPE has no knowledge of any such defendants.

5. There are no allegations contained in paragraph 5.

6. There are no allegations contained in paragraph 6.

7. HPE denies the allegations in paragraph 7.

8. HPE admits that Plaintiff has alleged a cause of action for breach of contract, but denies the remainder of paragraph 8.

9. HPE admits Plaintiff has alleged a cause of action for breach of contract, and admits that Plaintiff has attached two attachments, but denies the remainder of paragraph 9.

10. HPE denies the allegations in paragraph 10.

11. There are no allegations contained in paragraph 11.

12. With regard to paragraph BC-1/Cause of Action 1, HPE admits that it issued a written Sales Order on or about 05/25/2011 and that a copy of the Sales Order is attached. The remainder is denied.

13. Paragraph BC-2/Cause of Action 1 is denied.

14. Paragraph BC-3/Cause of Action 1 is denied.

15. Paragraph BC-4/Cause of Action 1 is denied.

16. Paragraph BC-5/Cause of Action 1 contains no allegations.

17. Paragraph BC-6/Cause of Action 1 contains no allegations.

18. With regard to paragraph BC-1/Cause of Action 2, HPE admits that it issued a written Sales Order on or about 08/31/2011 and that a copy of the Sales Order is attached. The remainder is denied.

19. Paragraph BC-2/Cause of Action 2 is denied.

20. Paragraph BC-3/Cause of Action 2 is denied.

21. Paragraph BC-4/Cause of Action 2 is denied.

22. Paragraph BC-5/Cause of Action 2 contains no allegations.

23. Paragraph BC-6/Cause of Action 2 contains no allegations.

### Affirmative Defenses and Specific Denials

24. Even if Plaintiff proves its allegations, Plaintiff isn't a proper plaintiff because it did not own the vehicles in question.

25. Even if Plaintiff proves its allegations, HPE isn't liable to Plaintiff because Plaintiff has no standing to sue HPE.

26. Even if Plaintiff proves its allegations, HPE isn't liable to Plaintiff because Plaintiff did not suffer any compensable injury as a proximate result of HPE's actions.

27. Even if Plaintiff proves its allegations, HPE isn't liable to Plaintiff because HPE did not owe a contractual duty to Plaintiff.

28. Even if Plaintiff proves its allegations, HPE isn't liable to Plaintiff because it misrepresented the condition of the vehicle and therefore the amount of work to be performed.

29. Even if Plaintiff proves its allegations, HPE isn't liable to Plaintiff because Plaintiff's own actions and delays contributed to and/or caused the damages it alleges.

30. Even if Plaintiff proves its allegations, HPE isn't liable to Plaintiff because of waiver.

31. Even if Plaintiff proves its allegations, HPE isn't liable to Plaintiff because of estoppel, unclean hands, and general principles of equity.

## Prayer

HPE asks that the Court enter judgment that Plaintiff take nothing by its claims, award HPE its taxable costs, and grant HPE all other relief, in law or equity, to which it is justly entitled.

Dated: February 7, 2014.

Respectfully Submitted,

By: */s/ Gwyneth A. Campbell*
    Gwyneth A. Campbell
    gcampbell@css-firm.com
    CA Bar No. 142720

ATTORNEY IN CHARGE FOR DEFENDANT
HPE DESIGN, LLC

OF COUNSEL:

CHAPOTON SANDERS SCARBOROUGH LLP
2 Riverway, Suite 1500
Houston, Texas 77056
713-357-9710 Voice
713-357-9690 Fax

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 7th day of February, 2014, a copy of the foregoing has been served upon all counsel of record in this action by the Court's ECF Filing and first class mail, postage prepaid, properly addressed to:

Mark Rabinovich
Law Offices of Mark Rabinovich
17337 Ventura Blvd., Ste. 228
Encino, CA 91316
Telephone: (818) 990-6991
Facsimile: (818) 990-2823


                **By:** */s/ Gwyneth A. Campbell*
                     Gwyneth A. Campbell