JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LUXURY AUTO MALL INC.,**<br>**Plaintiff,**<br>**vs.**<br>**HPE DESIGN, LLC,**<br>**Defendant.** | **Case No.: SACV 14-00143-CJC(ANx)**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE** |

## INTRODUCTION

On December 26, 2013, Plaintiff Luxury Auto Mall Inc. filed this action for breach of contract in Orange County Superior Court against Defendant HPE Design, LLC. (Dkt. No. 1 Exh. A ["Compl."].) HPE then filed a timely notice of removal, removing the action to the Central District of California. (Dkt. No. 1.) HPE now moves to transfer venue to the Southern District of Texas. (Dkt. No. 11 ["Mot. Transfer"].) For the following reasons, HPE's motion is GRANTED. [1]

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for March 31, 2014 at 1:30 p.m. is hereby vacated and off calendar.

**BACKGROUND**

HPE is a Texas-based limited liability company that designs and performs engine modifications and tuning to increase horsepower on customer vehicles. (Dkt. No. 10-1 ["Golder Decl."] ¶ 2.) HPE's principal place of business is in Sealy, Texas, where it has a 30,000-square-foot facility. (*Id.* ¶ 3.) In the spring of 2011, HPE asserts that Igor Skvortsov, an individual located in Russia, contacted HPE at its Sealy facility to order an engine upgrade to a Lamborghini Gallardo. (*Id.* ¶ 4.) The Lamborghini was then imported from Russia to the United States through the Port of Houston. (*Id.*) HPE issued a sales order to Mr. Skvortsov for the Lamborghini upgrade out of its Texas facility. (*Id.* ¶ 5.)

After the Lamborghini arrived at the Port of Houston, Aleksandr Goldshadt, the owner and sole employee of California-based Luxury, contacted HPE to announce that he would be Mr. Skvortsov's broker and agent for the sales order. (*Id.*) Subsequently, Luxury contacted HPE on Mr. Skvortsov's behalf to discuss a possible engine upgrade to a Cadillac Escalade. (*Id.* ¶ 6.) HPE then issued a sales order for work to be performed on the Cadillac from Texas, and Luxury arranged for the Cadillac to be imported from Russia to Houston. (*Id.* ¶¶ 6, 8.) HPE asserts that, when the two vehicles arrived, it learned that both were in much worse condition than discussed and required extensive repairs before HPE would be able to upgrade the cars' engines. (*Id.* ¶ 9.) HPE asserts that Luxury agreed to the additional repairs on behalf of the vehicle owners. (*Id.*)

After the upgrades were completed, the vehicles were shipped back to Russia. The Lamborghini exited through the Port of Houston, and the Cadillac was shipped first to New York and then to Russia. (*Id.* ¶ 10.) Mr. Goldshtadt asserts that all of his communications with HPE were made from California, and that HPE told him that he could address any concerns regarding HPE's work to the manager of HPE's California

facility. (Dkt. No. 12-1 ["Goldshtadt Decl."] ¶ 5.) All of the work on the cars was performed in Texas, and the cars were never shipped to California. (Golder Decl. ¶ 13.) All except one of HPE's non-party witnesses — including its own former employees, employees of Lamborghini of Houston, and customs brokers working in the Port of Houston — reside in Texas. (*Id.* ¶ 11.) HPE also asserts that its files, books, and records regarding the project are all located in Texas. (*Id.* ¶ 12.) Luxury's owner, Mr. Goldshtadt, is Luxury's only witness. (Goldshtadt Decl. ¶ 6.)

## ANALYSIS

The Court finds that transfer is warranted pursuant to 28 U.S.C. § 1404(a), which permits a district court to "transfer any civil action to any other district or division where it might have been brought" when transfer would serve "the convenience of parties and witnesses" and would be "in the interest of justice." Under Section 1404(a), two findings are required for proper transfer: (1) the transferee district court is one where the action might have been brought, and (2) the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). A court may consider multiple factors in determining whether the interests of justice favor transfer, including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof," in addition to the relevant public policy of the forum state. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The moving party bears the burden of demonstrating that transfer is appropriate. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). District courts have broad discretion to adjudicate

motions for transfer according to an individualized, case-by-case consideration, *Jones*, 211 F.3d at 498, and must undertake a "flexible and individualized analysis" of relevant factors, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Here, the parties do not contest that this suit could have been brought in the Southern District of Texas. District courts in that District have personal jurisdiction over HPE because HPE is headquartered in that jurisdiction. Venue is also proper there because "a substantial part of the events or omissions giving rise" to Luxury's breach of contract claim occurred in Texas. *See* 28 U.S.C. 1391(b)(2). Indeed, all of HPE's work on the cars was performed in Texas. Accordingly, the first requirement of § 1404(a) is satisfied.

The convenience of the witnesses here weighs decisively in favor of transfer. "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (quoting *State St. Capital Corp. v. Dente*, 855 F. Supp. 192, 197 (S.D. Tex. 1994)). According to HPE, with the exception of one former employee who moved to New York after leaving HPE, and one former employee who has passed away, all of the current and former employees of HPE who were involved with the project reside in Texas, and none reside in California. (Golder Decl. ¶ 11.) HPE also asserts that other material fact witnesses include employees of Lamborghini of Houston and customs brokers working in the Port of Houston. (*Id.*) Given the nature of Luxury's allegations, the testimony of these non-party witnesses may indeed be material.[2] Luxury,

---

[2] Luxury contends that these witnesses are unnecessary because "at issue in this case is the untimely completion of the project as well as the non-completion of the work ordered such as the increase in horse power of the Cadillac which is all evidenced by the sales orders, notes and documents of the work done on the car." (Dkt. No. 12 ["Opp'n"] at 5.) But while documentary proof may be sufficient from Luxury's perspective, HPE is entitled to defend itself against Luxury's allegations with witness testimony.

however, identifies only one party witness residing in California (Mr. Goldshtadt) and identifies no non-party witnesses in California. (*See* Goldshtadt Decl. ¶ 6.) The convenience of witnesses thus clearly favors transfer.

As to the convenience of the parties, Luxury argues that HPE, a large corporation, has local counsel in California and can compensate witnesses to travel to California, whereas Luxury is a small entity, a "mom and pop" operation located in California. (Opp'n at 4.) The Court finds that although Texas would be more convenient to HPE than California, the relative burden to Luxury of litigating in Texas is perhaps more significant. Even so, "[w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor." *Saleh*, 361 F. Supp. 2d at 1160 (quoting *Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990)) (internal quotation marks omitted).

On balance, the interests of justice favor venue in Texas over California. First, the contracts here were principally negotiated in Texas. Before Luxury became involved as Mr. Skvortsov's agent, HPE issued a sales order from Texas to Mr. Skvortsov for the Lamborghini upgrade. (Golder Decl. ¶¶ 4−5.) The sales order for the Cadillac upgrade was issued out of Texas after telephone and email discussions between Luxury in California and HPE in Texas. This factor weighs in favor of transfer.

Second, HPE contends, and Luxury does not dispute, that Texas law governs Luxury's breach of contract claim. This factor thus also weighs slightly in favor of transfer.

Although Plaintiffs' choice of forum is entitled to some deference, *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), this factor may be given less deference if, as is true here, the key factual issues in dispute are centered in the

transferee forum. *Cf. Jovel v. i-Health, Inc.*, No. CV 12-05526 DDP (JCGx), 2012 WL 5470057, at *6 (C.D. Cal. Nov. 8, 2012) ("[A]lthough it is undisputed that Plaintiff filed the case in her home District and that the transaction occurred in the District, the crux of the case lies not in her act of purchasing the product in Los Angeles, but instead in issue of the alleged misrepresentations, which she would have perceived in identical form in any state."). Here, Luxury's breach of contract claim focuses on HPE's work on the cars in Texas; the cars were never shipped to California. Luxury's choice of forum is thus entitled to reduced deference.

The parties' contacts — both general contacts as well as contacts specific to Luxury's cause of action — favor transfer. Both parties have contacts with both California and Texas: HPE has a facility in California and allegedly told Mr. Goldshtadt to contact an HPE manager in California for any complaints (although Mr. Goldshtadt does not allege that he ever contacted the HPE manager in California), and Luxury reached out to HPE in Texas to negotiate the sales orders at issue. But the contacts most relevant to Luxury's cause of action are centered in Texas, where the sales orders were issued, where the cars were temporarily located, and where the repairs and upgrades were performed.

Finally, trial of this matter would be more convenient in Texas than in California. Defendants contend that all of the relevant books and records, physical evidence (including the dynometer HPE used to test the upgraded horsepower of the Cadillac), and nearly all of the party and non-party witnesses are located in Texas. Some of the potential material witnesses worked for companies other than HPE or no longer work for HPE; thus, the availability of compulsory process to compel the attendance of any unwilling non-party witnesses strongly favors venue in the Southern District of Texas. By contrast, Luxury only identifies one party witness in California, and identifies no significant documentary or physical evidence in California.

**CONCLUSION**

The circumstances of this case clearly favor transfer to the Southern District of Texas. Accordingly, HPE's motion to transfer venue to the Southern District of Texas is GRANTED.

DATED: March 28, 2014

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE